UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JENNIFER BOGGS and WAYNE BOGGS,

                Plaintiffs,

- against -

THOMAS H. MILHORAT, M.D., PAOLO A.
BOLOGNESE, M.D., DENISE MACKSEL, P.A.,
THE CHIARI INSTITUTE, and NORTH SHORE
UNIVERSITY HOSPITAL,

                Defendants.
------------------------------------------------------------X

08 Civ.
Judge

**VERIFIED COMPLAINT**

**JURY TRIAL DEMANDED**

CV 08     719

LINDSAY, M.J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 21 2008 ★
BROOKLYN OFFICE

    Plaintiffs, JENNIFER BOGGS and WAYNE BOGGS, complaining of the defendants, by their attorneys, SANOCKI NEWMAN & TURRET, LLP, respectfully allege, upon information and belief, at all times hereinafter, as follows:

### JURISDICTION

    1. Plaintiff JENNIFER BOGGS is an individual residing in Forestdale, Massachusetts, and is a citizen of the State of Massachusetts.

    2. Plaintiff WAYNE BOGGS is an individual residing in Forestdale, Massachusetts, and is a citizen of the State of Massachusetts.

    3. Defendant THOMAS H. MILHORAT, M.D. (hereinafter referred to as "MILHORAT") is an individual residing in New York and is a citizen of the State of New York.

    4. Defendant PAOLO A. BOLOGNESE, M.D. (hereinafter referred to as "BOLOGNESE") is an individual residing in New York and is a citizen of the State of New York.

    5. Defendant DENISE MACKSEL, P.A. (hereinafter referred to as "MACKSEL") is an individual residing in the State of New York and is a citizen of the State of New York.

6. Defendant THE CHIARI INSTITUTE (hereinafter referred to as "INSTITUTE") is a medical group and has its principal place of business in the State of New York.

7. Defendant NORTH SHORE UNIVERSITY HOSPITAL (hereinafter referred to as "HOSPITAL") is a corporation incorporated under the laws of the State of New York and has its principal place of business in the State of New York.

8. The Court has subject matter jurisdiction over this action and the claims asserted in this complaint under *28 U.S.C. §1332* because:

    a. There is complete diversity of citizenship between the plaintiff and all defendants in this action; and

    b. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

9. This Court has personal jurisdiction over defendant MILHORAT because he is present in and regularly conducts business at Manhasset, New York and is subject to service of process in this State under *Fed. R. Civ. P. 4*.

10. This Court has personal jurisdiction over defendant BOLOGNESE because he is present in and regularly conducts business at Manhasset, New York and is subject to service of process in this State under *Fed. R. Civ. P. 4*.

11. This Court has personal jurisdiction over defendant MACKSEL because she is present in and regularly conducts business at Manhasset, New York and is subject to service of process in this State under *Fed. R. Civ. P. 4*.

12. This Court has personal jurisdiction over defendant INSTITUTE because it is present in and regularly conducts business at Great Neck, New York and is subject to service of process in this State under *Fed. R. Civ. P. 4*.

13. This Court has personal jurisdiction over defendant HOSPITAL because it is present in and regularly conducts business at Manhasset, New York and is subject to service of process in this State under *Fed. R. Civ. P. 4*.

14. Venue is proper in this court under *28 U.S.C. §1391(a)* because a substantial portion of the events or omissions giving rise to the claim asserted in this complaint occurred within this judicial district.

## **THE PARTIES**

15. Defendant MILHORAT is a physician duly licensed to practice medicine in the State of New York.

16. Defendant MILHORAT held himself out as a physician duly licensed to practice medicine in the State of New York.

17. Defendant MILHORAT held himself out as a physician specializing in the field of neurosurgery.

18. Defendant MILHORAT maintains an office for his practice at defendant INSTITUTE located at 865 Northern Boulevard, Great Neck, County of Nassau, State of New York.

19. Defendant MILHORAT maintains an office for his practice at defendant HOSPITAL located at 300 Community Drive, Manhasset, County of Nassau, State of New York.

20. Defendant MILHORAT held himself out to the public at large, and more particularly, to plaintiff JENNIFER BOGGS, as a physician duly qualified and capable of rendering requisite medical care and treatment to the public at large, and more particularly, to plaintiff JENNIFER BOGGS.

21. Defendant MILHORAT is a principal and/or officer of defendant INSTITUTE.

22. Defendant MILHORAT is an agent, servant and/or employee of defendant INSTITUTE.

23. Defendant MILHORAT is an agent, servant and/or employee of defendant HOSPITAL.

24. Defendant BOLOGNESE is a physician duly licensed to practice medicine in the State of New York.

25. Defendant BOLOGNESE held himself out as a physician duly licensed to practice medicine in the State of New York.

26. Defendant BOLOGNESE held himself out as a physician specializing in the field of neurosurgery.

27. Defendant BOLOGNESE maintains an office for his practice at defendant INSTITUTE located at 865 Northern Boulevard, Great Neck, County of Nassau, State of New York.

28. Defendant BOLOGNESE maintains an office for his practice at defendant HOSPITAL located at 300 Community Drive, Manhasset, County of Nassau, State of New York.

29. Defendant BOLOGNESE held himself out to the public at large, and more particularly, to plaintiff JENNIFER BOGGS, as a physician duly qualified and capable of rendering requisite medical care and treatment to the public at large, and more particularly, to plaintiff JENNIFER BOGGS.

30. Defendant BOLOGNESE is an agent, servant and/or employee of defendant INSTITUTE.

31. Defendant BOLOGNESE is an agent, servant and/or employee of defendant HOSPITAL.

32. Defendant MACKSEL is a physician's assistant duly licensed to practice such profession in the State of New York.

33. Defendant MACKSEL held herself out as a physician's assistant duly licensed to practice such profession in the State of New York.

34. Defendant MACKSEL maintains an office for her practice at defendant HOSPITAL located at 300 Community Drive, Manhasset, County of Nassau, State of New York.

35. Defendant MACKSEL held herself out to the public at large, and more particularly, to plaintiff JENNIFER BOGGS, as a physician's assistant duly qualified and capable of rendering requisite medical care and treatment to the public at large, and more particularly, to plaintiff JENNIFER BOGGS.

36. Defendant MACKSEL is an agent, servant and/or employee of defendant HOSPITAL.

37. Defendant INSTITUTE owns and/or operates a medical center located at 865 Northern Boulevard, Great Neck, County of Nassau, State of New York.

38. Defendant INSTITUTE, its principals, officers, agents, servants and/or employees operated, maintained, managed, controlled and supervised the aforesaid medical center, which held itself out to the public at large and, more particularly, to the plaintiff herein, as a facility duly qualified and capable of rendering adequate medical care and treatment to the public at large and for such purposes hired physicians, surgeons, radiologists, nurses, attendants and other personnel.

39. Defendant INSTITUTE, its principals, officers, agents, servants and/or employees held itself out to the public at large and, more particularly, to the plaintiff herein, as a medical group duly qualified and capable of rendering adequate medical care and treatment to the public

at large and for such purposes hired physicians, surgeons, radiologists, nurses, attendants and other personnel.

40. Defendant HOSPITAL is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

41. Defendant HOSPITAL owns and operates a hospital premises located at 300 Community Drive, Manhasset, County of Nassau, State of New York.

42. Defendant HOSPITAL owns and operates a medical center located at 865 Northern Boulevard, Great Neck, County of Nassau, State of New York.

43. Defendant HOSPITAL, its agents, servants and/or employees operated, maintained, managed, controlled and supervised the aforesaid HOSPITAL, which held itself out to the public at large and, more particularly, to plaintiff herein, as a HOSPITAL duly qualified and capable of rendering adequate medical care and treatment to the public at large and for such purposes hired physicians, radiologists, nurses, attendants and other personnel.

44. From on or about the 19th day of January, 2006 through on or about the 30th day of August, 2006, plaintiff JENNIFER BOGGS came under the medical care and treatment of defendant MILHORAT.

45. It was the duty of defendant MILHORAT to reasonably care for, treat and supervise his patients, and more particularly, plaintiff JENNIFER BOGGS.

46. Defendant MILHORAT attended to the plaintiff JENNIFER BOGGS in the course and scope of his employment with defendant INSTITUTE.

47. Defendant MILHORAT attended to the plaintiff JENNIFER BOGGS in the course and scope of his employment with defendant HOSPITAL.

48. From on or about the 25th day of July, 2005 through on or about the 30th day of August, 2006, plaintiff JENNIFER BOGGS came under the medical care and treatment of defendant BOLOGNESE.

49. It was the duty of defendant BOLOGNESE to reasonably care for, treat and supervise his patients, and more particularly, plaintiff JENNIFER BOGGS.

50. Defendant BOLOGNESE attended to the plaintiff JENNIFER BOGGS in the course and scope of his employment with defendant INSTITUTE.

51. Defendant BOLOGNESE attended to the plaintiff JENNIFER BOGGS in the course and scope of his employment with defendant HOSPITAL.

52. From on or about the 1st day of August, 2006 through on or about the 30th day of August, 2006, plaintiff JENNIFER BOGGS came under the medical care and treatment of defendant MACKSEL.

53. It was the duty of defendant MACKSEL to reasonably care for, treat and supervise her patients, and more particularly, plaintiff JENNIFER BOGGS.

54. Defendant MACKSEL attended to the plaintiff JENNIFER BOGGS in the course and scope of her employment with defendant HOSPITAL.

55. From on or about the 8th day of December, 2004 through on or about the 30th day of August, 2006, plaintiff JENNIFER BOGGS came under the medical care and treatment of defendant INSTITUTE, its principals, officers, agents, servants, and/or employees.

56. It was the duty of defendant INSTITUTE to reasonably care for, treat and supervise its patients, and more particularly, plaintiff JENNIFER BOGGS.

57. From on or about the 18th day of January, 2006 through on or about the 30th day of August, 2006, plaintiff JENNIFER BOGGS came under the medical care and treatment of defendant HOSPITAL, its agents, servants and/or employees.

58. It was the duty of defendant HOSPITAL to reasonably care for, treat and supervise its patients, and more particularly, plaintiff JENNIFER BOGGS.

## FIRST COUNT

59. The medical care and treatment rendered by the defendants to plaintiff JENNIFER BOGGS, was rendered in a careless and negligent manner, not in accordance and conformity with proper and accepted medical practice and procedure.

60. The defendants were careless and negligent in the medical care and treatment rendered to plaintiff JENNIFER BOGGS in, among other things, failing to properly perform a posterior fossa revision, craniocervical fusion-in extraction; in failing to resubmit the plaintiff to surgery; in failing to loosen the instrumentation in the plaintiff; in failing to timely order and/or obtain a CT Scan; in canceling the CT Scan which was Ordered at 9:40 A.M. on August 3, 2006; in ignoring plaintiff's signs, symptoms and complaints, including right sided weakness, left sided facial droop, and decreased weakness; in failing to consider ischemia in the brain stem; in failing to consider plaintiff's recent medical and surgical history; in failing to perform an appropriate and complete neurological examination; in failing to diagnose plaintiff as suffering a reversible ischemic neurological deficit; in failing to timely diagnose and render prompt and appropriate treatment for her neurological condition; in failing to timely and adequately institute a course of aggressive thrombolytic therapy; in failing to timely administer RTPA therapy; in failing to obtain a complete medical history; in failing to perform proper and appropriate tests and studies; including CT scans, MRIs and angiograms; in failing to read and interpret those studies and tests

that were performed; in failing to adequately and/or completely monitor the plaintiff; in compromising plaintiff's condition during the care and treatment rendered so as to decrease her chances for recovery; in failing to administer a course of therapy and treatment to treat the plaintiff's true condition; in allowing and permitting the plaintiff's condition to worsen and deteriorate unfettered, in causing her to sustain all of the serious and permanent injuries alleged herein; in ignoring the objective and subjective signs, symptoms and complaints; in failing to undertake the proper precautions so as to avoid medical complications; in failing to obtain appropriate and indicated medical and neurological consultations; in failing to follow standard and accepted medical, neurological, and diagnostic care, treatment, examination and management; in failing to consult proper specialists; in failing to timely obtain a neurological, neurovascular and/or interventional neuroradiology consult; in failing to exercise the degree of skill, care and diligence to which this patient was entitled; in failing to properly and adequately supervise and monitor physicians, nurses, staff and other personnel rendering care and treatment to the plaintiff; in failing to employ sufficient, efficient, competent and qualified agents, servants and/or employees; in improperly retaining unqualified and unskilled physicians, nurses and personnel; in failing to review and evaluate staff, nurses and physicians at indicated intervals; in failing to obtain an informed consent; in failing to exercise the degree of skill, care and diligence to which this plaintiff was entitled; and these defendants were otherwise careless and negligent.

61. As a result of the carelessness and negligence of these defendants, as aforesaid, plaintiff JENNIFER BOGGS sustained multiple personal injuries, including, among other things, was caused to suffer a completed stroke; fixed neurological deficit; basilar thrombosis with posterior circulation infarct; cognitive impairment; was caused to undergo substantial physical, occupational and speech therapy; memory loss; headaches; loss of balance; fatigue; loss of

emotional control; decreased motor and fine motor skills; diplopia; quadriparesis; dysphagia; plaintiff suffers from an inability to engage in and enjoy the same social recreational activities as she formerly did; plaintiff's injuries complicate, impair, and decrease her ability to carry out normal tasks and fundamental day to day activities of daily living; was caused to be rendered sick, sore, and disabled; was caused to be confined to medical institutions, was caused to seek extensive subsequent medical care and treatment; was caused to sustain severe pain and suffering as well as emotional pain, anxiety, anguish and distress; was caused to be incapacitated from attending to her usual duties; was caused to incur significant expenses for medical and other damages, all of which are permanent in nature and continuing into the future.

62. By reason of the foregoing, the defendants are jointly and severally liable pursuant to the exceptions set forth in Article 16 of the CPLR.

63. By reason of the foregoing, plaintiffs are entitled to recover all their damages from the defendants, the amount of which exceeds the jurisdictional limits of all lower Courts.

## SECOND COUNT

64. Plaintiffs repeat, reiterated, and reallege each and every allegation contained in the paragraphs of this Complaint numbered "1" through "62", inclusive, with the same force and effect as if more fully set forth at length herein.

65. Defendants failed to obtain plaintiff's informed consent to the treatment, or lack of treatment, rendered to her.

66. Proper medical practice required defendants to obtain plaintiff's consent to the treatment, or lack of treatment, rendered to plaintiff.

67. A reasonably prudent person in plaintiff's position would not have undergone the treatment, or lack of treatment, provided by defendants had she been properly informed of the risks and hazards of such treatment, or lack of treatment.

68. Plaintiff would not have agreed to the treatment, or lack of treatment, provided by defendants had she been properly informed of the risks and hazards of such treatment, or lack of treatment.

69. Defendants' failure to obtain plaintiff's informed consent is a contributing cause of the injuries sustained by plaintiff, as set forth above.

70. The aforesaid occurrence and injuries resulting therefrom were caused solely by the carelessness and negligence of the defendant.

71. By reason of the foregoing, the defendants are jointly and severally liable pursuant to the exceptions set forth in Article 16 of the CPLR.

72. By reason of the foregoing, plaintiffs are entitled to recover all their damages from the defendants, the amount of which exceeds the jurisdictional limits of all lower Courts.

### THIRD COUNT

73. Plaintiffs repeat, reiterated, and reallege each and every allegation contained in the paragraphs of this Complaint numbered "1" through "62" and "64" through "71", inclusive, with the same force and effect as if more fully set forth at length herein.

74. Plaintiff WAYNE BOGGS is the husband of the plaintiff JENNIFER BOGGS and, as such was entitled to her services, society, companionship and consortium.

75. As a result of the negligence and carelessness of the defendant, as aforesaid, plaintiff WAYNE BOGGS has been deprived of the services, society, companionship and consortium of

his wife and was required to care for him and to expend funds for her medical care and treatment.

76. The aforesaid occurrence and injuries resulting therefrom were caused solely by the carelessness and negligence of the defendant.

77. By reason of the foregoing, the defendants are jointly and severally liable pursuant to the exceptions set forth in Article 16 of the CPLR.

78. By reason of the foregoing, plaintiffs are entitled to recover all their damages from the defendants, the amount of which exceeds the jurisdictional limits of all lower Courts.

**WHEREFORE**, plaintiffs demand judgment against the defendants in the First, Second and Third Counts, that plaintiffs be awarded all damages and relief to which they are entitled; together with the costs, disbursements and attorneys' fees of this action.

Dated: New York, NY
February 14, 2008

SANOCKI NEWMAN & TURRET, LLP

By: _____
Joshua Fogel (9036)
Attorneys for Plaintiffs
225 Broadway, 8th Floor
New York, NY 10007
(212) 962-1190

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JENNIFER BOGGS and WAYNE BOGGS,

        Plaintiffs,

- against -                          **ATTORNEY'S CERTIFICATION**

THOMAS H. MILHORAT, M.D., PAOLO A.
BOLOGNESE, M.D., DENISE MACKSEL, P.A.,
THE CHIARI INSTITUTE, and NORTH SHORE
UNIVERSITY HOSPITAL,

        Defendants.
----------------------------------------------------------X

    JOSHUA FOGEL, an attorney duly admitted to practice before the Courts of this State, certifies the following:

    1. I am an attorney and Associate of the law firm of SANOCKI NEWMAN & TURRET, LLP, attorneys for the plaintiff in the within action.

    2. I have reviewed the facts of the case and have consulted with a physician duly licensed to practice medicine and reasonably believe that said physician is knowledgeable with respect to the relevant issues involved in this action.

    3. Based upon the discussions had with the aforesaid physician, I have concluded, on the basis of my review and consultation, that there is a reasonable basis for the commencement of this action.

Dated: New York, New York
       February 14, 2008

                                                  JOSHUA FOGEL (9036)

## ATTORNEY'S VERIFICATION

JOSHUA FOGEL, an attorney and Associate of the law firm of SANOCKI NEWMAN & TURRET, LLP, attorneys for the plaintiff(s) in the within action, duly admitted to practice law in the Courts of the State of New York, affirms the following statements to be true under the penalties of perjury, pursuant to Rule 2106 of the CPLR:

That affirmant has read the foregoing COMPLAINT and knows the contents thereof; that the same is true to affirmant's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters affirmant believes them to be true.

Affirmant further states that the source of affirmant's information and grounds of affirmant's belief are derived from the file maintained in the normal course of business of the attorneys for the plaintiff(s).

Affirmant further states that the reason this verification is not made by the plaintiff is that the plaintiff does not reside within the County of New York, which is the County where the attorneys for the plaintiff(s) herein maintains their offices.

Dated: New York, New York
       February 14, 2008

Joshua Fogel (9036)